MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
T. KENNEDY HELM (State Bar No. 282319)
MAYA SORENSEN (State Bar No. 250722)
HADDAD & SHERWIN LLP
505 Seventeenth Street
Oakland, California 94612
Telephone:  (510) 452-5500
Facsimile:  (510) 452-5510

Attorneys for Plaintiff
T.D.P.

DAN SIEGEL (State Bar No. 56400)
EMILYROSE JOHNS (State Bar No. 294319)
SIEGEL & YEE
499 Fourteenth Street, Suite 300
Oakland, California94612
Telephone:  (510) 839-1200
Facsimile:  (510) 444-6698

Attorneys for Plaintiffs
RICHARD PERKINS, III
and ADA PERKINS-HENDERSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.D.P., a minor through her mother and Next Friend, Andrea Dupree, individually and as successor in interest for RICHARD HESTER PERKINS JR., Deceased,<br><br>            Plaintiff,<br>vs.<br><br>CITY OF OAKLAND, a public entity, CITY OF OAKLAND POLICE CHIEF SEAN WHENT in his individual and official capacities, SERGEANT JOSEPH TURNER, OFFICERS JONATHAN CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES, and  DOES 1-10, Jointly and Severally, | No: 3:16-cv-04132-LB<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date**: April 20, 2017<br>**Time**: 11 a.m.<br>**Place**: Courtroom C - 15th Floor, 450 Golden Gate Ave., San Francisco, CA94102<br><br>**Judge**: Laurel Beeler<br><br>**Case Filed**: August 1, 2016<br>**Trial Date**: April 2, 2018 |

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT

|  |  |
|---|---|
| Defendants. | ) |
|  |  |
| RICHARD PERKINS, III, son of RICHARD PERKINS, JR., deceased, and ADA PERKINS-HENDERSON, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CITY OF OAKLAND; JOSEPH TURNER, individually and in his official capacity as a sergeant for the police department of the City of Oakland; JONATHAN CAIRO, individually and in his official capacity as an officer for the police department of the City of Oakland; JOSHUA BARNARD, individually and in his official capacity an officer for the police department of the City of Oakland; and ALLAHNO HUGHES, individually and in his official capacity as an officer for the police department of the City of Oakland, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No: 3:16-cv-04324-LB

**UPDATED JOINT INITIAL CASE MANAGEMENT STATEMENT**

**1.      Statement on Case Progress and Developments**

Since the last Case Management Conference, the parties agreed to a Settlement Conference before Magistrate Judge Jacqueline Corley.  The Settlement Conference will be held on August 25, 2017.  Parties have also reached an agreement on a protective order, which was filed on April 6, 2017, and signed by the Court on April 7, 2017.

On February 24, 2017, Plaintiff, T.D.P. sent a subpoena for documents to the Alameda District Attorney's Office concerning the investigation of the shooting of Richard Hester Perkins. Plaintiff, T.D.P. and City Defendants met and conferred and agreed that City Defendants would have a "first look" at the documents, after which, they would turn them over to Plaintiff's counsel within 14 days.

On January 31, 2017, Plaintiff T.D.P. sent a request for production of documents to all defendants.  All defendants responded on March 30, 2017.  Parties disagree about which documents must be produced at this time.

**Plaintiff T.D.P.'s and Plaintiff Richard Perkins, III and Ada Perkins Henderson's Position**

Plaintiff made a number of requests concerning the involved officers in the shooting death of Mr. Perkins.  Among those requests which Plaintiff asserts should be disclosed immediately and to which Defendants object are:

>   1) Any and all documents concerning any complaint or investigation made concerning the involved officers relating to the incident;
>
>   2) any and all documents that are part of the personnel file, employment records, and/or the complaint/disciplinary history of any of the involved officers;
>
>   3) any and all documents pertaining to the credibility or possible impeachment of testimony of any involved officer including, Brady violations or findings of dishonesty, or false reporting by any of the involved officers;
>
>   4) any and all documents concerning the hiring and promotion of the defendant officers, including documentation of any investigation into background and fitness;

1          5)  and any and all documents concerning each involved officer's job performance,

2          evaluations from seven years prior to the incident to the present.

3      Plaintiff also requested any documents related to any training provided to OPD or the

4  involved officers by the Force Science Institute and/or its founder William Lewinski.  Defendants

5  responded that they would not be producing this.  Plaintiff further requested documents regarding

6  insurance coverage, but Defendants would only disclose that the City is self-insured up to $3

7  million.

8      Plaintiff granted Defendants two extensions to respond to written discovery requests.

9  Defendants provided a responsive production on March 30, 2017. Despite the March 30 production,

10  defendants have been reluctant to turn over certain documents without a protective order in place,

11  which, following extensive negotiations between the parties, was submitted to the Court on April 6,

12  2017 and ordered on April 7, 2017. As a result of these delays, Plaintiffs have not received the

13  complete production of documents that defendants intend to turn over in response to Plaintiffs'

14  request, and Plaintiffs have only received a privilege log for the production of the District Attorney

15  documents.  Therefore parties have not been able to meet and confer prior to the submission of this

16  CMC statement. Plaintiffs will make an effort to meet and confer regarding the requested

17  production prior to the CMC on April 20, 2017.

18

19  **City Defendants' Position**

20      Despite Plaintiffs' suggestion to the contrary, Defendants have responded in good faith to

21  Plaintiffs' request for documents and Plaintiffs' subpoena to the D.A.'s office, as discussed in more

22  detail below:

23  **Plaintiffs' First Set Of Document Request:**

24      As to the timing of Defendants' response to Plaintiffs' first set of document requests,

25  Plaintiffs only tell half of the story.  Although Defendants did receive two extensions, they were

26  only for two weeks each, totaling just one month.  Defendants asked for this short extension

27

28  No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT     2

because Meyers Nave, the legal counsel for all defendants except Officer Turner, developed a problem with one of its computer's hard drives, which complicated their response to Plaintiffs' massive request for documents. When Defendants explained the problem to Plaintiffs, they graciously agreed to the extension. Defendants then filed a timely response to Plaintiffs' first request for production. The next working day after the protective order was signed, Defendants produced over 50 gigabytes of documents to Plaintiffs. The remainder of the documents will be produced by this Thursday, April 13, 2017. Defendants have been in regular and consistent communication with Plaintiffs about the status of the production and are complying with Plaintiffs' requests in good faith.

Plaintiffs also complain that they have not received a privilege log, but neglect to mention that one is not yet due. Pursuant to the Court's Standing Order, a privilege log is not due until April 13, 2017 – by which time one will be provided.

In addition, Plaintiffs are apparently using the joint CMC statement to – for the first time – voice concerns about some of the objections Defendants have interposed, and some of the documents Defendants have withheld from production. Prior to Plaintiffs' proposed submittal for this joint case management update, Plaintiffs had not discussed *any* issues they purportedly have with Defendants' response to their request for production, much less attempted in any way to meet and confer regarding those concerns before bringing them to the attention of the Court through this submission, as is required by this Court's rules. Furthermore, Plaintiffs' description of their requests and the basis for Defendants' objections is inaccurate and misleading. Many of Plaintiffs' requests were impossibly vague, not limited by time, unrelated to the issues in this case, overly broad, and seeking documents that are irrelevant, burdensome, harassing and protected by the official information and deliberative process privileges, and the privacy rights of the officers.

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT          3

Defendants propose that if Plaintiffs have concerns with Defendants' production or objections, they first raise those issues with Defendants through an appropriate meet and confer process instead of raising premature complaints about Defendants' production in this joint submission.  Then, if the parties are unable to reach agreement, the parties may raise those issues with the Court in a joint letter, as is required by this Court's Standing Orders.

**Plaintiffs' D.A. Subpoena:**

Plaintiffs also appear to complain about the timeliness of Defendants response to their subpoena to the D.A.'s office, which is surprising because Defendant conducted their first look and submitted their response to Plaintiffs within the exact time frame agreed upon by the parties and authorized by this Court.  Although Plaintiffs appear to suggest that Defendants have not produced a privilege log regarding the D.A.'s production, that too is inaccurate.  On the date the parties agreed (April 7, 2017), Defendants provided Plaintiffs with a privilege log of the documents withheld from D.A.'s production.

As Defendants have explained to Plaintiffs, because 99% of the D.A.'s documents are merely copies of documents that the City provided to the D.A., and there is no reason to produce the same documents twice, on April 7, 2017, the City provided the Plaintiffs with a list of all of the duplicate D.A. documents that would be part of the City's production once the protective order was signed.  Again, within one working day of the protective order being signed, the City produced to Plaintiffs 50 gigabytes of documents, containing documents responsive to both the City's production and Plaintiffs' subpoena to the D.A.

**Defendant Officer Turner's Position**

Defendant Turner concurs with the position taken by co-defense counsel and notes that the over 50 gigabytes of documents and data were produced to Plaintiffs.  Disputes regarding this

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT                4

matter are properly addressed through the collaborative meeting and conferring process and in accordance with existing procedural rules.

**2.     Parties' Proposals**

**Plaintiffs' position**

For the reasons stated above, Plaintiffs propose that Defendants turn over the requested documents subject to the protective order agreed to by all parties.  Plaintiffs agree to Defendants' proposal that the documents be redacted of personal information such as social security numbers and dates of birth.

**Defendants' position**

Instead of hearing premature complaints about Defendants' production in this joint submission, Defendants propose that if Plaintiffs have concerns with Defendants' production or objections, they first raise those issues with Defendants through an appropriate meet and confer process, and that if the parties are still unable to reach agreement, they raise those issues with the Court in a joint letter, as is required by this Court's Standing Orders.

**3.     ADR**

As stated above, all parties have agreed to hold a settlement conference before Magistrate Judge Jacqueline Corley.

DATED: April 13, 2017                              HADDAD & SHERWIN, LLP.


                                                   /s/ *Maya Sorensen*
                                                   Maya Sorensen
                                                   Attorneys for Plaintiff
                                                   T.D.P.

DATED: April 13, 2017                              Siegel & Yee

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT                5

|   |   |   |
|---|---|---|
|   |   | _/s/ EmilyRose Johns_ |
|   |   | EmilyRose Johns |
|   |   | Attorneys for Plaintiffs |
|   |   | Perkins and Henderson |

DATED: April 13, 2017                    Meyers & Nave

                                         _/s/ Blake Loebs_
                                         Blake Loebs
                                         Attorneys for City of Oakland, et al.

DATED: April 13, 2017                    Bassi, Edlin, Huie, & Blum

                                         _/s/ Noel Edlin_
                                         Noel Edlin
                                         Attorneys for Officer Turner

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved at the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED

Dated:                                   _____
                                         UNITED STATES MAGISTRATE JUDGE
                                         LAUREL BEELER

2804032.2