1 | MICHAEL J. HADDAD (State Bar No. 189114)
2 | JULIA SHERWIN (State Bar No. 189268)
  | T. KENNEDY HELM (State Bar No. 282319)
3 | MAYA SORENSEN (State Bar No. 250722)
  | HADDAD & SHERWIN LLP
4 | 505 Seventeenth Street
  | Oakland, California 94612
5 | Telephone: (510) 452-5500
  | Facsimile: (510) 452-5510

Attorneys for Plaintiff
T.D.P.

DAN SIEGEL (State Bar No. 56400)
EMILYROSE JOHNS (State Bar No. 294319)
SIEGEL & YEE & BRUNNER
475 Fourteenth Street, Suite 500
Oakland, California 94612
Telephone:  (510) 839-1200
Facsimile:  (510) 444-6698

Attorneys for Plaintiffs
RICHARD PERKINS, III
and ADA PERKINS-HENDERSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.D.P., a minor through her mother and Next Friend, Andrea Dupree, individually and as successor in interest for RICHARD HESTER PERKINS JR., Deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF OAKLAND, a public entity, CITY OF OAKLAND POLICE CHIEF SEAN WHENT in his individual and official capacities, SERGEANT JOSEPH TURNER, OFFICERS JONATHAN CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES, and DOES 1-10, Jointly and Severally,<br><br>      Defendants. | No: 3:16-cv-04132-LB<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date**: November 9, 2017<br>**Time**: 11 a.m.<br>**Place**: Courtroom C - 15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102<br><br>**Judge**: Laurel Beeler<br><br>**Case Filed**: August 1, 2016<br>**Trial Date**: April 2, 2018 |

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT

| | | |
|---|---|---|
| 1 | | |
| 2 | RICHARD PERKINS, III, son of RICHARD PERKINS, JR., deceased, and ADA PERKINS-HENDERSON, | ) ) ) No: 3:16-cv-04324-LB ) |
| 3 | | ) |
| 4 | Plaintiff, | ) **UPDATED JOINT CASE** ) **MANAGEMENT STATEMENT** ) |
| 5 | vs. | ) ) |
| 6 | CITY OF OAKLAND; JOSEPH TURNER, individually and in his official capacity as a sergeant for the police department of the City of Oakland; JONATHAN CAIRO, individually and in his official capacity as an officer for the police department of the City of Oakland; JOSHUA BARNARD, individually and in his official capacity an officer for the police department of the City of Oakland; and ALLAHNO HUGHES, individually and in his official capacity as an officer for the police department of the City of Oakland, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| 14 | Defendants. | ) |

**1.     Joint Statement on Case Progress and Developments**

Since the last case management conference ("CMC"), the parties have resolved, with the help of the Court, the discovery disputes pending at that time. (Doc. 62.)  On July 27, 2017, this case was referred for settlement conference to Magistrate Judge Joseph C. Spero.  On September 18, 2017, the parties participated in a settlement conference with Judge Spero, but the case did not resolve.  Although the Parties had been scheduled for a further settlement conference on October 10, 2017, that date did not allow sufficient time for Defendants to discuss this matter with the Oakland City Council, and, therefore, the Parties requested a continuance of the conference, which Judge Spero moved to October 26, 2017.  (Dkt. 75.)  Shortly before the settlement conference was to occur, the settlement conference was taken off calendar because the prospect for settlement was too remote.

Defendants deposed: (i) Andrea Dupree, Plaintiff's T.D.P.'s ("T.D.P.") mother, on July 14, 2017; Ada Perkins-Henderson, Richard H. Perkins, Jr.'s ("Mr. Perkins") mother, on July 24, 2017; (iii) Plaintiff Richard Perkins, III ("Richard, III") on September 7, 2017; and (iv) T.D.P. on September 16, 2017.

The depositions of the four Defendant officers took place on September 8 and 16, 2017. The parties also deposed six of the nine police officers who were present during the shooting and observed pertinent events on September 27, and 29, 2017.

Parties are still working out dates to depose the person most knowledgeable about certain topics pursuant to Federal Rule of Civil Procedure 30(b)(6) as well as Defendant Chief Whent and the remaining witness officers.  Due to conflicting schedules, it may be necessary to extend the discovery deadlines by a few weeks to accommodate the remaining deponents.  The parties anticipate submitting a stipulated proposal to the Court shortly.

The depositions of two third-party witnesses, Elizabeth Smith- Allen and Sharon Bershell, are scheduled for November 3 and November 15, respectively.

**2.    Outstanding Issues:**

**Plaintiffs:**

The parties appeared before the Court on November 2, 2017 regarding the discovery of a matter involving Defendant Turner.  The Court decided to review the Internal Affairs report in camera at the request of the Defendants.  Plaintiffs respectfully request that the Court review the rest of the documents Plaintiff T.D.P. requested in camera to get a complete picture of the relevance these documents to have to this case.  The Internal Affairs report by itself likely has incorrect information or it omitted important relevant information.  Specifically, we ask the Court to review documents related to Requests 1, 3, 4, and 5 in Plaintiffs' Exhibit A attached to the letter brief filed under seal.

The parties continue to meet and confer over other discovery issues, and will seek the Court's intervention only if necessary.

**Defendants:**

With only a few hours until the Joint CMC statement is due, Plaintiffs have added the above section over Defendants' strenuous objections.  All issues related to the Turner discovery issue have been fully briefed by both parties and the matter was submitted this morning following oral argument.  Defendants object to Plaintiffs' attempt to use the CMC statement as a request for reconsideration of the Court's order regarding this discovery dispute that was issued only a few hours ago and ask that Plaintiffs' request be disregarded in its entirety.

Defendants also object to Plaintiffs' proposal as being nonsensical.  In this inappropriate request, Plaintiffs ask that the Court review *all* of the documents Plaintiffs have requested *in-camera* to determine if *any* should be produced.  Plaintiffs make this request knowing full well that one of the main reasons for Defendants' objections is that Plaintiffs' request is overly burdensome, vague and not proportional to the needs of this case in addition to being irrelevant and violating Officer Turner's right to privacy.  In an attempt to burden Defendants as much as possible, Plaintiffs appear to be insisting that Defendants go through the time and expense of producing *all of the documents requested* for an *in camera* review (which would be an enormous undertaking) just

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT                2

so the Court can determine if *any* of the requested information should be produced. Plaintiffs' last minute inclusion of this request in the CMC statement makes clear Plaintiffs' goal – not to obtain relevant or even potentially admissible evidence, but to unnecessarily burden and harass Defendants. Defendants submit that the Court should reject Plaintiffs' blatant disregard for the procedures of this Court, adhere to the ruling it issued just a few hours ago and review the I.A. report provided by Defendants *in camera* to determine if that report should be produced.

### 3.     ADR

At this time, there are no further settlement conferences or mediations scheduled.

DATED: November 2, 2017           HADDAD & SHERWIN, LLP.


                                  /s/ *Maya Sorensen*
                                  Maya Sorensen
                                  Attorneys for Plaintiff
                                  T.D.P.


DATED: November 2, 2017           Siegel & Yee

                                    /s/ *EmilyRose Johns*
                                  EmilyRose Johns
                                  Attorneys for Plaintiffs
                                  Perkins and Henderson




DATED: November 2, 2017           Meyers & Nave

                                   /s/ *Blake Loebs*
                                  Blake Loebs
                                  Attorneys for City of Oakland, et al.


DATED: November 2, 2017           Bassi, Edlin, Huie, & Blum

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT                    3

                                                                              */s/ Noel Edlin*  
                                                                              Noel Edlin  
                                                                              Attorneys for Officer Turner

2883254.1

No. 3:16-cv-04132 and 3:16-cv-04324-LB: UPDATED JOINT CASE MANAGEMENT STATEMENT      4