Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
Robert S. Moutrie (SBN: 295250)
rmoutrie@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF OAKLAND; ALLAHNO HUGHES;
JONATHAN CAIRO; JOSHUA BARNARD;
SEAN WHENT

Noel Edlin (SBN: 107796)
nedlin@behblaw.com
Andre R. Hill (SBN: 143007)
ahill@behblaw.com
Bassi, Edlin, Huie & Blum LLP
500 Washington Street, Suite 700
San Francisco, California 94111
Telephone: (415) 397-9006
Facsimile:  (415) 397-1339

Attorneys for Defendant
JOSEPH TURNER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.D.P., a minor through her mother and Next Friend, Andrea Dupree, individually and as successor in interest for Richard Hester Perkins, Jr. Deceased,<br><br>            Plaintiff,<br>     v.<br><br>CITY OF OAKLAND, a public entity, CITY OF OAKLAND POLICE CHIEF SEAN WHENT in his individual and official capacities, SERGEANT JOSEPH TURNER, OFFICERS JONATHAN CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES, and DOES 1-10, Jointly and Severally, | Case No. 3:16-CV-04132-LB<br>[Related to Case No. 3:16-CV-04324-LB]<br><br>**DEFENDANTS' SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date:      September 27, 2018<br>Time:     9:30 a.m.<br>Place:     Courtroom C - 15th Floor<br>              450 Golden Gate Ave.<br>              San Francisco, CA 94102<br>Judge:    Laurel Beeler |

| | | |
|---|---|---|
| 1 | Defendants. | Trial Date:   May 6, 2019 |
| 2 | RICHARD PERKINS, III, son of RICHARD PERKINS, JR., deceased, and ADA PERKINS-HENDERSON, | Case No. 3:16-CV-04324-LB [Related to Case No. 3:16-CV-04132-LB] |
| 3 | | |
| 4 | Plaintiffs, | |
| 5 | v. | |
| 6 | CITY OF OAKLAND, a public entity, SERGEANT JOSEPH TURNER, OFFICERS JONATHAN CAIRO, JOSHUA BARNARD, ALLAHNO HUGHES, and DOES 1-10, Jointly and Severally, | |
| 7 | | |
| 8 | | |
| 9 | Defendants. | |

**1. Reason Why A Joint Case Management Statement Was Not Filed**

On September 20, 2018, counsel for the parties exchanged numerous emails addressing the upcoming CMC as well as the hearing on Defendants' Motion for Summary Judgment. After receiving a final response from Plaintiffs' counsel at 5:45 pm, counsel for Defendants notified all counsel that an a proposed updated joint CMC statement would be circulated. A proposed updated joint CMC statements was then circulated to all counsel at 7:32 pm together with a cover email addressing the content of the statement and offering to file the statement on behalf of all the parties. Upon receiving no response from Plaintiffs' counsel, Defendants reached out again at approximately 10:00 pm asking when Plaintiffs would be providing a response. Again, Plaintiffs' counsel did not respond. At 10:45 pm, Defendants once again notified Plaintiffs' counsel that if no response, authorization to file the previously circulated statement, or an edited version of the statement was provided by 11:00 pm, Defendants would have to file a separate CMC statement. As of the filing of this statement, Plaintiffs' counsel has not bothered to respond.

Any filing now by Plaintiffs of a separate statement, after ignoring Defendants and inconveniencing Defendants' counsel to wait until close to midnight to file this statement, is not only highly unprofessional, but a blatant violation of the Local Rules and this Court's orders.

**2. Case Status**

As of the filing of this Joint Statement, all fact discovery has been completed in this case, and the parties have completed briefing on the Oakland Defendants' motion for summary judgment ("Oakland's MSJ Motion").

The hearing on Oakland's MSJ Motion ("MSJ Hearing") was initially scheduled for June 14, 2018. On May 30, 2018, however, Defendants represented to Plaintiffs that, *inter alia*, Defendants' lead counsel, Blake Loebs, would unexpectedly be out of the office for medical reasons beginning immediately and continuing for at least several weeks. (Dkt. 130.) Because of this unexpected change in availability, the parties filed a stipulation requesting that the hearing be continued to from June 24, 2018 to September 6, 2018 (Dkt. 130) which was confirmed by Court order. Contemporaneously with their request to continue Oakland's MSJ Motion, the parties agreed to cooperate to reset the various expert depositions that had been scheduled for the

summer, and requested a continuance of the close of expert discovery from July 2 to October 31, 2018, which request was granted by the Court.  (Dkt. 131.)

On August 27, 2018, the Court, on its own motion, continued the hearing on Oakland's MSJ Motion from September 6 to September 27, 2018.  Due to this change in the hearing date, the parties agreed to request a continuance of the close of expert discovery from October 31 to November 30, 2018, which request the Court granted.  (Dkt. 134.)

In summary, currently: (1) Oakland's MSJ Motion is set for hearing on September 27, 2018; (2) the next CMC is also set for September 27, 2018; and (3) the close of expert discovery is set for November 30, 2018.  Trial is set to commence May 6, 2019.

Due to the recent leave of absence of Defendants' lead counsel, Blake Loebs, which leave commenced on September 10, 2018, and for which no end date has been set, Defendants requested a three week continuance of the MSJ Hearing and September 27 CMC.  Plaintiffs have agreed to a continue of the MSJ Hearing (although the parties are still trying to find a suitable date that works for the Court and the parties).  As explained below, however, Plaintiff TDP believes the CMC should remain as scheduled.   Defendants believe keeping the CMC as scheduled defeats the point of the requested continuance and will be a waste of party and court resources.

**3.     Outstanding Issue – Continuance of the MSJ Hearing and CMC**

As addressed above, Defendants learned on or about May 30, 2018 that lead counsel for Defendants, Blake Loebs, would be out of the office for a least several weeks, prompting the parties to seek a continuance of the then-scheduled MSJ Hearing date of June 14, 2018.  (Dkt. 130)

On September 10, 2018, Mr. Loebs began a leave of absence from his firm, Meyers Nave, with no return date set.  As a result of this unexpected development and significant change to Defendants' legal team – that occurred in very close proximity to the currently-scheduled MSJ Hearing and CMC – Defendants  requested a modest 3-week continuance of the MSJ Hearing and CMC from Plaintiffs to allow the Oakland City Attorney to evaluate this development on the case.  Counsel for Defendants immediately notified Plaintiffs of this request.

Plaintiffs agree to continue the MSJ Hearing.  Plaintiff TDP, however, insists the parties

must maintain the currently-scheduled CMC set for September 27, 2018. Counsel's stated reason is that the parties must address what impact Mr. Loebs's leave of absence will have on this case. Counsel has not, however, identified any particular issues or concerns it has, nor explain why holding the CMC this coming week is essential for resolving any issues or planning in the case.

Counsel for Defendants explained to counsel for TDP that maintaining the currently scheduled CMC would be inconsistent with the entire purpose of the City's request for more time – to evaluate the impact of Mr. Loeb's leave of absence. Defendants also clarified that if the earliest date the MSJ Hearing could be continued to is more than 2 or 3 weeks out, the parties would not have to wait until such time to begin discussing planning in this case resulting from Mr. Loebs's new status, including the impact this development might have on expert discovery and trial. As further explained to TDP's counsel, the parties cannot address such planning – including at a CMC – when the City itself is still evaluating the issue. Indeed, giving the City a modest amount of time to evaluate Mr. Loebs's change in status was the entire reason Defendants approached Plaintiffs about a continuance in the first place.

There is ample time to address the proceedings in this case, while granting the City Defendants this reasonable request, and Defendants are willing to do so once the City has had a modicum of time to evaluate the change in status of its lead counsel. Because the City has not been able to complete its evaluation of Mr. Loebs's recent leave of absence, a CMC on September 27th would be premature. Forcing the parties to participate in a CMC on September 27th, therefore, serves no legitimate purpose and will be a waste of party and Court resources.

Defendants, therefore, request that the pending MSJ Hearing *and* CMC, set for September 27, 2018, be continued to a convenient date for the Court at least 3 weeks out.

**4.    ADR**

At this time, there are no further settlement conferences or mediations scheduled.

DATED: September 20, 2018          Respectfully submitted,

                                             MEYERS, NAVE, RIBACK, SILVER & WILSON

                                             By:     /s/ David Mehretu
                                                    David Mehretu
                                                    Attorneys for Defendants
                                             CITY OF OAKLAND; ALLAHNO HUGHES; JONATHAN CAIRO; JOSHUA BARNARD; and SEAN WHENT

DATED: September 20, 2018          BASSI, EDIN, HUIE & BLUM, LLP

                                             By:     /s/ Andre R. Hill
                                                    Andre R. Hill
                                                    Attorneys for Defendant
                                                    JOSEPH TURNER

<u>Attestation of Concurrence In The Filing (Local Rule 5-1(i)(3))</u>

The filer, David Mehretu, attests that all other signatories listed on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

3063191.1